Third case of the afternoon, People of the State of Illinois v. Michael Craig Smith, 4-0-8-0-7-4-2. For the appellant, Mr. Vonneman, and for the appellee, Mr. Manchin. You may proceed. Thank you, Your Honor. May it please the Court, Counsel? I represent Mr. Smith, the defendant, who was convicted of armed robbery and received a life sentence as an official criminal for this offense. My position is that he was not proven guilty beyond a reasonable doubt because the identification of him was vague, doubtful, and uncertain. Why I say that is Elisa Frillo, who was the employee of Colonial Pantry, the victim of this armed robbery, originally picked a photo lineup of a guy named Ricky Whitley as the guy that robbed him. Obviously, not my client. She then, during the trial, reenacted the scene of the crime with the defendant, which obviously is a pretty unusual procedure. But even doing that with this man, she said that he did not seem like the robber, and she also said, having shown a lot of men with the same description, she did not think she would pick the defendant. Now, this is the only occurrence witness to the offense. So certainly, her identification of the defendant was certainly vague, doubtful, and uncertain. The State also told a gentleman by the name of John Vernon, who said he was in a crack house sometime in December with a man named Mike. And when Mike left, apparently he didn't have any money, and Mike came back and had some money, and Mike was going where he got the money. The problem with the story is multiple. It actually happened November 21st, not in December. Mr. Vernon himself was a suspect in the crime. This is why he's being questioned. Mr. Vernon himself was facing life imprisonment for this crime. So it's obvious that he needed a suspect besides himself. No other reason he's in a crack house. The powers of observation are not very good. Wasn't there a video of the robbery reduced to a DVD? There was, Your Honor. And was the jury shown the video?  So they were able to actually view the robbery? Correct. And you could identify the person on the video? Well, that would be subject to some argument, I believe. I think there were three videos, but the robber was wearing a hoodie. Everyone agrees with that. I don't know if the court has seen the videos. I looked at them, and it looks to me like he's trying to hide his identity. I don't think it's as clear. Perhaps the court saw it better than I saw it, but it did not look that clear to me who this guy was. Well, does the video show the robber placing his hand on the door at the exact point where they got handprint off the door that matched the defendant's prints? Perhaps it does. However, that handprint could have been put there at any time. Yeah, absent the video, that's a really good argument. But if you watch the video and see this defendant's, well, the robber's hand be placed on the door, and then they take a print off the door, run the print, and it turns up to be the defendant, that's pretty good evidence, isn't it? Couldn't the defendant have been there ten minutes before, placed his hand on that, and left his print that way? Well, and if you were defense counsel, I'm sure you'd want to look at the entire video to see if the defendant had been there previously and wasn't the robber. That's the same stuff we don't have. There's nothing on the record that any of that happened. We do know that he did admit he had been in that store. But not on that day. Or that night, or that afternoon, or a week before, or wherever. No one ever asked him, and no one ever says. That's true. But, I mean, it's just as logical to assume he was there that day. Or he was there the day before. I mean, I don't know if there was any expert testimony that said if you put a handprint down, you can't put another handprint over, and that one may or may not stay. I don't know. Is there evidence of that? Well, the point is, was there sufficient evidence for the jury to have reached the verdict they reached? Correct. And I would argue that based on her testimony, her eyewitness testimony, there wasn't. Well, how about the University of Illinois police officer? She said she saw a guy prior to this, a little bit after midnight, loitering around. Then she said, that's true. She says, then I saw him, and he was the same guy in the video. And he's the same guy in court. But that's not, to me anyway, the strongest identification. I mean, no one showed her a photo line-up and asked her to pick the guy out of the line-up. All she did was view a videotape that she knew was the robber. And this guy had a hoodie, and the other guy had a hoodie. It was also nighttime when she saw him, midnight. I believe she saw him. He walked up, walked by her. But there wasn't a lot of evidence about how light it was. At least, I don't recall that. I know it was dark. So I would argue that her identification was also vague, doubtful, and uncertain. I mean, there were other evidence. They said, well, there was box cutters found in his car three weeks later. But, you know, he's a painter. He's supposed to be having box cutters. He's supposed to be having painter's pants. And the box cutters were left at the armed robbery anyway. So, I just don't, I think under the case of that 65 case, I say the identification can't be vague and uncertain. And I think it is in this case. Especially for an armed robbery conviction for life in prison. Thank you. That's all I have. Thank you. May it please the Court, Counsel. The question on appeal is whether any rational trial or fact, viewing the evidence to the light most favorable to the State, would find the defendant guilty of this offense. Counsel is correct that if the store clerk was the only witness that, or the only evidence to the State, the result might be different. Because this is the ideal defense witness. A witness who was not wearing their glasses and could not identify anybody with any certainty and could only make a vague identification of the defendant. But that was not the sole evidence against the defendant. You have the testimony of a police officer who observed the defendant wearing the exact same clothing as the robber within minutes of the robbery.  And was going to approach him to ask what he was doing there when she was called away on a different call. After the robbery, she views the videotape and says, yes, that's the same guy I saw loitering around. There is nothing vague or uncertain about that identification, and you're not required to have a photo lineup or any kind of lineup. You can do it based on the witnesses observing the person at the scene of the crime and using the video in this manner to see, do we have to keep looking or is this person you saw the robber? I think that's very good police work. As you noted, Justice Appleton, you have the hand print of the defendant on the door where the robber was shown on the film placing his hand. The expert testimony was that a hand print at this location would not last long and that there was no, if I recall right, it was a clear print. There was no smudging, no overlap, nothing. It was a clear print and he said that had that print been there very long, it would not be in that condition. So I think you can, the jury could make the inference that that hand print was placed there by the robbery at the time of the robbery. Plus you have the fact that the jury was shown three different videos which the trial court in ruling on the motion for directed verdict said, no, you can identify the defendant from these videos. I think that taking all the evidence, the light most favorable to the state, the identification by the police officer of the defendant outside the store within minutes of the robbery wearing the clothing worn by the robber. Plus you have the officer saying, yes, that person I saw at the store was in fact the person shown on the video. You have the defendant's hand print at the scene of the crime at a location where it would not last. And then you have the videotape itself. The jury can see for itself. Is that person sitting over there the person defending this bill? I submit that this court should reject the defense's invitation to act as a new trier of fact but to affirm the defendant's convictions. Thank you, Your Honor. Thank you. Rebaugh? Just briefly, there were box cutters left that were in his hand and no one ever checked the fingerprints on that. That would seem to me a lot clearer evidence as to who did this that could get the fingerprints off the box cutters. Second of all, the photo lineup, yes, it is an investigatory tool, but it's also a way to show the reliability of identification, i.e., can this witness pick the defendant out of the lineup of four or five other people that similarly look like them? That's the purpose I would submit of photo lineups. Yeah, it's easy to say I saw a guy walk down the street and I see a video and that's the same guy without anybody testing anything. I'm not saying that this cop's lying. I'm saying she could very well be mistaken because there's no test there. Now, if you sit there and put a lineup in front of her and she picked her out, that's a lot stronger evidence. But we didn't have that. For all these reasons, again, I don't think he was proven guilty, but he should be on a reasonable doubt on this evidence. Thank you. Thank you. We'll take this matter under advisement.